Jennifer Gould, Esq.
Morgan & Morgan, P.A.
Oregon Bar No. 135855
1050 SW 6th Ave,
Portland, OR 97204
Tel.: (689) 219-2401
Email: jgould@forthepeople.com
Matthew R. Gunter, Esq.
(Pro Hac Vice Application Forthcoming)
FL Bar No. 0077459
20 N. Orange Ave., Ste. 1600
Orlando, FL 32801
Tel.: (407) 420-1414
Fax: (407) 867-4791
Email: MGunter@forthepeople.com
Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| **MICHAEL TRAD,** | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **THE BOEING COMPANY,** | |
| Defendant | |

Plaintiff, MICHAEL TRAD ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, THE BOEING COMPANY ("Defendant") and in support thereof states as follows:

**JURIDISCTION AND VENUE**

1. This is an action for damages arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII").

2. Jurisdiction is proper in this Court under 28 U.S.C. §§1331 and 1343 and 42 U.S.C. §2000e-5(f)(3).

3. Venue is proper in the United States District Court for the District of Oregon pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3), as the unlawful employment practices occurred in this District, and Defendant employed Plaintiff at its Portland, Oregon location.

## CONDITIONS PRECEDENT

4. Prior to the institution of this lawsuit, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging violations of Title VII by Defendant.

5. Plaintiff's charge of discrimination was received by the Equal Employment Opportunity Commission on September 13, 2024.

6. Plaintiff received the Notice of Right to Sue February 20, 2025.

7. This Complaint is being filed within ninety (90) days of the date in which Plaintiff requested his Notice of Right to Sue, and has been filed more than one-hundred and eighty (180) days after the Charge of Discrimination was filed with the EEOC.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

9. Plaintiff is a citizen and resident of the State of Oregon and was employed by Defendant in Multnomah County, Oregon.

10. Defendant, THE BOEING COMPANY, is a Delaware corporation authorized to do business in Oregon and regularly transacts business in this District. It employs more than 500 persons and is an "employer" within the meaning of Title VII.

11. Specifically, Defendant operates and does business at 19000 NE Sandy Blvd., Portland, OR 97230.

12. Plaintiff worked for Defendant at 19000 NE Sandy Blvd., Portland, OR 97230.

13. Plaintiff was/is an "employee" within the meaning of Title VII, 42 U.S.C. § 2000e(f).

14. Defendant is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

15. At all times material to this action, Defendant engaged in unlawful discriminatory and retaliatory practices against Plaintiff in violation of Title VII.

## STATEMENT OF CLAIMS

16. Plaintiff was employed by Defendant for approximately 11 years, most recently in the role of Product & Service Quality Manager, earning approximately $164,000 annually.

17. In or around late March or early April 2024, Plaintiff was approached by a female co-worker, Lindsey Heineman, who reported being subjected to sexually harassing conduct by a male co-worker, Ryan Azorr.

18. Plaintiff advised Ms. Heineman to report the conduct and personally joined her in reporting the harassment to their manager, Jeremy Kiltow.

19. On or about May 16, 2024, Mr. Azorr was removed from the workplace pending investigation.

20. In June 2024, Plaintiff was contacted by a corporate investigator and identified as a witness in the investigation.

21. Plaintiff truthfully disclosed what he had observed, including sexually inappropriate "locker room" comments by Mr. Azorr.

22. In July 2024, Mr. Azorr was terminated by Defendant.

23. On August 7, 2024, Plaintiff was terminated by Mr. Kiltow and a Senior HR Manager, who cited "failure to act when action would have been appropriate" as the reason for termination.

24. This reason was pretextual. Plaintiff immediately and appropriately acted by encouraging the victim to report the misconduct and fully cooperated in the ensuing investigation.

25. Plaintiff had no prior disciplinary history or performance issues to justify termination.

26. Plaintiff's termination was causally connected to his protected activity: reporting and participating in the investigation of workplace sexual harassment.

27. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered economic losses, reputational harm, and emotional distress.

28. Plaintiff's employment was terminated by Defendant as a result of reporting and/or partaking in an investigation about sexually harassing conduct by one of Defendant's employees.

29. Plaintiff engaged in protected activity when he partook in the investigation into sexual harassment.

30. Plaintiff's employment was terminated in retaliation for engaging in statutorily protected activity.

31. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities.

32. The unlawful employment practices complained of above were intentional.

33. The unlawful employment practices complained of above were willful.

## COUNT I
## TERMINATION BASED ON RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY (TITLE VII)

34. Plaintiff re-alleges and adopts paragraph 1 – 33 as though set forth fully herein.

35. Defendant unlawfully retaliated against Plaintiff because he partook in an investigation into sexually harassing and offensive conduct by a co-worker.

36. Plaintiff's participation in the investigation and opposition to the harassing behavior was a protected activity under Title VII.

37. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under Title VII.

38. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on his engaging in protected activity.

39. The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law.

40. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, MICHAEL TRAD, prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits and/or lost earning capacity;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

**Plaintiff specifically reserves the right to amend this Complaint to seek punitive damages against Defendant**

DATED this 2nd day of May 2025.

**MORGAN & MORGAN, P.A.**

**s/ Jennifer Gould**
Jennifer Gould, Esq.
Morgan & Morgan, P.A.
Oregon Bar No. 135855
1050 SW 6th Ave,
Portland, OR 97204
Tel.: (689) 219-2401
Email: jgould@forthepeople.com
Matthew R. Gunter, Esq.
(Pro Hac Vice Application Forthcoming)
FL Bar No. 0077459
20 N. Orange Ave., Ste. 1600
Orlando, FL 32801
Tel.: (407) 420-1414
Fax: (407) 867-4791
Email: MGunter@forthepeople.com
Counsel for Plaintiff